# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No.  60344-6-II |
| BRUCE CLIVE GINGRICH, | |
| Petitioner. | UNPUBLISHED OPINION |

LEE, J. — In this first, timely[1] personal restraint petition (PRP), Bruce C. Gingrich, argues he received ineffective assistance of counsel based on defense counsel's affirmative agreement to include a prior conviction for federal armed bank robbery in his offender score.  Because Gingrich fails to show prejudice, we deny Gingrich's PRP.

## FACTS

In June 2022, a jury found Gingrich guilty of first degree burglary while armed with a deadly weapon.  At sentencing, the parties agreed Gingrich had a prior conviction for "'Robbery . . . 1[,] while armed.'"  *State v. Gingrich*, No. 85047-4-I, slip op. at 11 (Wash. Ct. App. July 24, 2023) (unpublished) (alterations in original).[2]  Both Gingrich and his attorney signed the acknowledgement of Gingrich's criminal history.  *Id*.  Gringrich's counsel also acknowledged Gringrich's criminal history and offender score to the trial court:

"THE COURT: Do you agree with the State that it's 55 to 65 months for the range?

---

[1] Gingrich's judgment and sentence became final on December 26, 2023, when Division One entered the mandate in his direct appeal.  Mandate, *State v. Gingrich*, No. 85047-4-I (Dec. 26, 2023); RCW 10.73.090(3)(b).  Gingrich filed this PRP on December 24, 2024, within one year. Accordingly, this PRP is timely under RCW 10.73.090.

[2] https://www.courts.wa.gov/opinions/pdf/850474.pdf

> [DEFENSE COUNSEL]: Apparently, the robbery in the first degree in Nevada would—would at least qualify. I don't think it would be a serious violent, but it would be a violent offense. So it would be a doubler [sic] as a class A. It does not wash out. We have the other PSP one, that was a class B. Mr. Gingrich has not gone ten full years in the community totally crime-free, so a class B would not also wash out. *So it appears to me that the State is correct that his score would be three.*"

*Id.* (emphasis and second alteration in original). The trial court sentenced Gingrich to a standard range sentence of 60 months in custody.

Gingrich appealed, arguing, among other things, that the trial court erred in calculating his offender score. *Id*. at 10. Division One of this court disagreed because Gingrich and his counsel affirmatively acknowledged his offender score. *Id*. at 11-12. Thus, on direct appeal, Division One held that the trial court did not err in sentencing Gingrich based on the offender score of three that Gingrich's counsel affirmatively acknowledged. *Id*. at 11.

Gingrich then filed this PRP, alleging that he received ineffective assistance of counsel when his defense counsel affirmatively agreed to his offender score. In support of his PRP, Gingrich included documents showing his prior robbery conviction was for federal armed bank robbery under 18 U.S.C. §§ 2113(a) and (d). Gingrich also included a declaration from his trial counsel in which counsel described the circumstances related to the stipulation on Gingrich's criminal history and sentencing:

> 3.      Mr. Gingrich was convicted in this case by a jury. After conviction and before sentencing, Mr. Gingrich and I both signed a stipulation to his prior criminal history which included a prior robbery that was committed in a jurisdiction outside of Washington State.

> 4.      When we signed the stipulation, I did not have and consequently did not review with Mr. Gingrich any documents stemming from that conviction.

> 5.    Because of the stipulation, at sentencing I did not argue that the robbery conviction was not comparable to robbery in Washington State.  As a result of the stipulation, the court did not conduct comparability review.

PRP at 30.[3]

In response, the State provided a declaration from the trial prosecutor which the prosecutor explained additional circumstances related to the stipulation on Gingrich's criminal history:

> 2.    Heading into Mr. Gingrich's sentencing, the State observed that the NCIC report for Mr. Gingrich indicated he had multiple out of state prior convictions from Nevada, Utah, Oregon, and Georgia and communicated the same to defense counsel.  Although most of those offenses appeared to wash, it appeared that the prior federal conviction may constitute a prior deadly weapon enhancement.  Because we were still waiting on documents and had been informed that they were "archived" records due to their age, it was going to take significantly longer to obtain those documents than normal.  This information was relayed to defense counsel.
>
> . . . .
>
> 4.    In response [to the PRP prosecutor's request for information], I reviewed emails between [co-counsel], myself, and defense counsel. . . , as well as reviewed my own recollection of the events.  Those emails and my recollection show that our office was working on obtaining more information regarding the federal conviction prior to sentencing and we were considering whether the prior conviction counted as a prior deadly weapon enhancement.
>
> 5.    After discussion with defense counsel, and in exchange for moving forward with sentencing at the time it was scheduled and for the State's concession not to proceed with arguing the existence of a prior deadly weapon enhancement finding, the defendant through his counsel, specifically stipulated to the criminal history presented.  Thus, there was express consideration for the defense concession that the prior conviction properly counted as 2 points in the offender score based on our office's stipulation that there was no prior deadly weapon enhancement.

Response to PRP, App. C at 1-3.  The State also included the guilty plea documents that outlined the facts Gingrich agreed supported his guilty plea to federal armed bank robbery:

---

[3] The attachments included in the PRP do not contain page numbers.  Thus, we continue the page numbers of the petition through the attachments.

1.  That on or about December 11, 1990, at approximately 2:45 p.m., **BRUCE CLIVE GINGRICH** entered the PriMerit Bank located at 103 South Rainbow, Las Vegas, Nevada, carrying what appeared to be a small nickel plated semi-automatic handgun.

. . . .

3.  That upon entering the bank, **BRUCE CLIVE GINGRICH**, using the weapon listed above, by means of force, violence and intimidation stole from [S.B.] an employee of the bank, six thousand seven hundred ninety-four dollars ($6,794.00) belonging to the bank.

4.  That in stealing the money from [S.B.], **BRUCE CLIVE GINGRICH** assaulted and put in jeopardy the life of this bank employee by the use of the weapon listed above.

5.  That **BRUCE CLIVE GINGRICH** accomplished the robbery of Pri-Merit Bank by entering the bank and approaching bank teller [S.B.] and demanding all the money.  **BR[U]CE CLIVE GINGRICH** pointed what appeared to be a small nickel plated semi-automatic handgun at bank teller [S.B.] during this exchange putting her[] in fear of bodily harm.

Response to PRP, App. F at 5.

ANALYSIS

Gingrich argues that he received ineffective assistance of counsel when his defense counsel stipulated to the inclusion of his federal armed bank robbery conviction in his criminal history. We disagree and deny Gingrich's PRP.

A PRP is a mechanism used to seek relief from unlawful restraint.  RAP 16.4(a)-(c).  To obtain relief in a PRP, the petitioner must establish, by a preponderance of the evidence, either a constitutional error that has resulted in actual and substantial prejudice or a nonconstitutional error that constitutes a fundamental defect resulting in a complete miscarriage of justice.  *In re Pers. Restraint of Dove*, 196 Wn. App. 148, 154, 381 P.3d 1280 (2016), *review denied*, 188 Wn.2d 1008 (2017).  "Factual evidence, rather than conclusory allegations, must be offered in support of a PRP."  *In re Pers. Restraint of Williams*, 198 Wn.2d 342, 352, 496 P.3d 289 (2021); RAP 16.7(a)(2)(i).

4

Both the United States Constitution and the Washington Constitution guarantee the right to effective assistance of counsel. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. In the context of a PRP alleging ineffective assistance of counsel, a petitioner who demonstrates ineffective assistance of counsel necessarily shows actual and substantial prejudice. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 843, 280 P.3d 1102 (2012).

To prevail on an ineffective assistance of counsel claim, the petitioner must show (1) that counsel's performance was deficient and (2) the deficient performance resulted in prejudice. *State v. Bertrand*, 3 Wn.3d 116, 128, 546 P.3d 1020 (2024). An ineffective assistance of counsel claim fails if the petitioner fails to satisfy either prong of the inquiry. *Crace*, 174 Wn.2d at 847 (A petitioner must satisfy both prongs of the ineffective assistance of counsel test.).

"Performance is deficient if 'it [falls] below an objective standard of reasonableness.'" *Bertrand*, 3 Wn.2d at 128 (alteration in original) (quoting *State v. McFarland*, 127 Wn.2d 322, 334, 899 P.2d 1251 (1995)). We engage in a strong presumption that counsel's performance was reasonable. *Id*. A petitioner "is prejudiced when 'there is a reasonable probability, that, but for counsel's deficient performance, the outcome of the proceedings would have been different.' " *Bertrand*, 3 Wn.3d at 129.

Gingrich argues that defense counsel's performance was deficient because defense counsel agreed to stipulate to the inclusion of Gingrich's federal armed bank robbery conviction without reviewing any documents related to the conviction to determine comparability. But even assuming without deciding that Gingrich's counsel's performance was deficient, Gingrich's PRP fails because Gingrich cannot show prejudice.

An out-of-state conviction will be included in a defendant's offender score if the State proves that the out-of-state offense is comparable to a Washington felony. *State v. Davis*, 3 Wn.

App. 2d 763, 771, 418 P.3d 199 (2018). Courts employ a two-part test to determine an offense's comparability. *State v. Thiefault,* 160 Wn.2d 409, 415, 158 P.3d 580 (2007). The court first must determine if the out-of-state offense is legally comparable, or "whether the elements of the [out-of-state] offense are substantially similar to the elements of the Washington offense." *Id.* If the elements of the out-of-state conviction are identical to or narrower than the elements of the Washington offense, then the out-of-state conviction is legally comparable and will be included in the offender score. *Davis*, 3 Wn. App. 2d at 771.

If the statute defining the out-of-state conviction is broader than the relevant Washington statute, then the court determines whether the out-of-state conviction is factually comparable such that the conduct underlying the out-of-state offense would have violated the relevant Washington statute. *Id.* at 771-72. When determining factual comparability, the "court considers 'only facts that were admitted, stipulated to, or proved beyond a reasonable doubt.'" *Id.* at 772 (quoting *State v. Olsen*, 180 Wn.2d 468, 478, 325 P.3d 187, *cert. denied*, 574 U.S. 912 (2014)).

Federal armed bank robbery is not legally comparable to robbery in Washington. *State v. Freeburg*, 120 Wn. App. 192, 197-99, 84 P.3d 292, *review denied*, 152 Wn.2d 1022 (2004). Therefore, the question is whether, based on the facts Gingrich stipulated to in his guilty plea to the federal armed bank robbery, the offense was comparable to first degree robbery in Washington.

Under RCW 9A.56.200(1), a person is guilty of first degree robbery if:

> (a) In the commission of a robbery or of immediate flight therefrom, he or she:
> (i) Is armed with a deadly weapon; or
> (ii) Displays what appears to be a firearm or other deadly weapon; or
> (iii) Inflicts bodily injury; or
> (b) He or she commits a robbery within and against a financial institution.

RCW 9A.56.190 defines robbery:

> A person commits robbery when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

In addition, robbery requires the specific intent to steal. *Freeburg*, 120 Wn. App. at 197-99.

In his guilty plea to the federal armed robbery charge, Gingrich admitted to walking into a bank with a firearm, pointing the firearm at the bank teller, and taking over $6,000 from the bank teller. These facts establish that Gingrich's actions constitute first degree robbery under RCW 9A.56.200(1). Therefore, Gingrich's conviction for federal armed bank robbery is factually comparable to first degree robbery in Washington.

Because Gingrich's federal armed robbery conviction is factually comparable, there is no reasonable probability that the outcome of his sentencing would have been different if defense counsel had insisted on reviewing the documents prior to stipulating to inclusion of the federal armed robbery conviction in Gingrich's offender score or delayed sentencing until the State had the documents to prove factual comparability at sentencing. Therefore, Gingrich cannot establish prejudice, and his ineffective assistance of counsel claim fails.

As to Gingrich's argument that this court cannot determine prejudice because a factual comparability determination must be made by a jury, this contention has been rejected by this court. *See State v. Frieday*, 33 Wn. App. 2d 719, 746-47, 565 P.3d 139 (holding Washington precedent establishes a judge, rather than a jury, may determine comparability and *Erlinger v. United States*, 602 U.S. 821, 144 S. Ct. 1840, 219 L. Ed. 2d 451 (2024), does not overrule or

change this established Washington precedent), *review denied*, 5 Wn.3d 1006 (2025), *cert. denied*, 146 S. Ct. 1609 (2026).

Because Gingrich has failed to show prejudice, Gingrich's ineffective assistance of counsel claim must fail. Accordingly, we deny Gingrich's PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Glasgow, J.

Veljacic, C.J.